O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KAMAU A. DAVIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JIM MCDONNELL, Los Angeles County Sheriff,<br><br>　　　　Respondent. | Case No. CV 14-09486 JGB (AN)<br><br>ORDER SUMMARILY DISMISSING HABEAS PETITION |

**1. BACKGROUND**

Kamau A. Davis ("Petitioner") alleges that he is currently being detained at the Los Angeles County Jail during pretrial proceedings, involving unspecified criminal charges, in the California Superior Court for Los Angeles County (case no. NA091042) ("Los Angeles Superior Court").

On December 10, 2014, Petitioner filed the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). The Petition and attached memorandum raise three claims, two alleging that the prosecution has failed to disclose discovery, and one alleging a Fourth Amendment violation. (Pet. at 3-4; Memorandum of Law in Support of Writ of Habeas Corpus § 2241 ("Mem.") [2] at 5-13.)

For the reasons discussed below, the Court finds the Petition is subject to summary dismissal under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971), commonly referred to as the *Younger* abstention doctrine.

## 2. DISCUSSION

**2.1** *Younger* **Abstention Doctrine**

Under the *Younger* abstention doctrine, "a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate." *Id.* at 45. This is because the state is "charged with the duty of prosecuting offenders against the laws of [that] state, and must decide when and how this is to be done," and therefore, "[t]he accused should first set up and rely upon his defense in the state courts, . . . unless it plainly appears that this course would not afford adequate protection." *Id.* "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972). Consequently, it is well-settled that, absent extraordinary circumstances, "abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the [petitioner] an adequate opportunity to litigate federal claims." *Canatella v. California*, 404 F.3d 1106, 1109-10 (9th Cir. 2005); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 437, 102 S. Ct. 2515 (1982).

Here, all three criteria for *Younger* abstention are met.

First, Petitioner's criminal proceeding in the Los Angeles Superior Court is ongoing in that he appears to be in the pretrial stage and his claims involve pretrial discovery and Fourth Amendment issues.

Second, the ongoing criminal proceeding implicates important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, 107 S. Ct. 353 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the

most powerful of the considerations that should influence a court considering equitable types of relief.") (*citing Younger*, 401 U.S. at 44-45); *see also Rose v. Mitchell*, 443 U.S. 545, 585, 99 S. Ct. 2993 (1979) ("Nowhere has a proper respect for state functions been more essential to our federal system than in the administration of criminal justice. This Court repeatedly has recognized that criminal law is primarily the business of the States, and that absent the most extraordinary circumstances the federal courts should not interfere with the States' administration of that law.") (citations and internal quotation marks omitted).

As for the third factor, "[w]here vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *Middlesex County Ethics Comm.*, 457 U.S. at 432 (citation and internal quotation marks omitted); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Here, Petitioner has not alleged nor shown that state law prohibits attempts to compel discovery or assert his Fourth Amendment rights. Further, Petitioner has ostensibly raised these claims at each level of the state courts, and the mere fact the state courts rejected them does not mean he was provided an inadequate opportunity to litigate them. *Middlesex County Ethics Comm.*, 457 U.S. at 432; *Pennzoil Co.*, 481 U.S. at 15.

Further, to the extent the state courts issued final orders or judgments denying Petitioner's claims, this Court is alternatively barred from reviewing them by the *Rooker-Feldman* doctrine, which provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149 (1923); *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303 (1983); *Henrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir. 2007).

///

///

Regardless, absent an exception to the *Younger* abstention doctrine, the Court

finds *Younger* bars this Court from jurisdiction to consider Petitioner's claims. *Canatella*, 404 F.3d at 1109-10; *Younger*, 401 U.S. at 45.

**2.2  Exception to Abstention**

As discussed above, the *Younger* abstention doctrine does not apply where there are "extraordinary circumstances" and "the danger of irreparable harm is both great and immediate." *Younger*, 401 U.S. at 45. Petitioner's claims do not fall within this exception.

Specifically, as the Supreme Court explained in *Younger*:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger*, 401 U.S. at 46. Petitioner has not raised any claim or issue that cannot be adequately remedied in an appeal from a subsequent conviction, or which otherwise poses "the danger of irreparable harm." *Id.* at 45.

The *Younger* abstention doctrine also does not apply "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . ." *See Perez v. Ledesma*, 401 U.S. 82, 85, 91 S. Ct. 674 (1971). However, here, Petitioner has proffered nothing to show such harassment on the part of any state official.

Accordingly, the Court finds Petitioner's claims do not fall within the narrow exception to the *Younger* abstention doctrine.

///

///

# 3. CONCLUSION

4

For the reasons discussed above, the reference to the magistrate judge is vacated, and the Petition is summarily dismissed without prejudice. A judgment of dismissal of the entire action shall be entered accordingly. Any and all pending motions are terminated.

DATED: December 31, 2014

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge

5